UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jerry W. Babb, | ) | C/A: 7:12-209-HMH-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Internal Revenue Service, Inc.; | ) | |
| Felisha S. Tipton; Debra K. Hurst; | ) | |
| and Mary Hannah, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action filed by a *pro se* litigant. Plaintiff paid the full $350 filing fee. *See* Receipt No. 600005843 (DSC); ECF No. 1. The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e) of the United States District Court for the District of South Carolina.

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Plaintiffs' Complaint is subject to review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that subject matter jurisdiction exists, and that a case is not frivolous.[1] *See Fitzgerald v. First East Seventh*

---

[1] Authority in this district indicates that pre-screening, under 28 U.S.C. § 1915, is inapplicable in *pro se*, non-prisoner, fee-paid cases. *See Bardes v. Magera*, C/A No. 2:08-487-PMD-RSC, 2008 WL 2627134 at *8-10 (D.S.C. June 25, 2008) (finding persuasive the Sixth Circuit's opinion in *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999), that § 1915(e)(2) is inapplicable to actions that are not pursued *in forma pauperis*); *Key v. United States Dep't of Transp.*, No. 2:01-CV-3076-18RB (D.S.C. Dec. 7, 2001, Order) (finding that a *pro se* non-prisoner plaintiff has to invoke § 1915 before the pre-screening under § 1915 applies to the case). The undersigned is not

1

*Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000). *See also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) (mentioning in dicta that "[s]tatutory provisions may simply codify existing rights or powers. Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Pillay v. INS*, 45 F.3d 14, 16-17 (2nd Cir. 1995) (noting that where a *pro se* party filed an appeal and paid the filing fee, 1915(d) was not applicable, however, the court had "inherent authority, wholly aside from any statutory warrant, to dismiss an appeal or petition for review as frivolous"); *Rolle v. Berkowitz*, No. 03 Civ. 7120 DAB RLE, 2004 WL 287678, at *1 (S.D.N.Y. Feb. 11, 2004) (finding it appropriate to dismiss *sua sponte* and with prejudice a fee-paying *pro se* plaintiff's action when the claims presented no arguably meritorious issue to consider); *Cummings v. Giuliani*, No. 00 Civ. 6634 SAS, 2000 WL 1597868, at *2 (S.D.N.Y. Oct. 24, 2000) (dismissing a non-prisoner *pro se* fee-paid civil action that presented no arguably meritorious claim).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S.

---

conducting an initial review pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff has paid the filing fee.

at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

Plaintiff, a citizen and resident of Spartanburg County, South Carolina, filed his Complaint in this case on January 23, 2012 (¶ 3), ECF No. 1, p. 7), in which "damages are being sought from the Internal Revenue Service and from the individual IRS agents." ECF No. 1, p. 7. Plaintiff alleges that "this action is not necessarily classed as a 1983 action and the Plaintiff is entitled to a jury trial under tort action for damages at common law." *Id.* Plaintiff alleges that "the controversy in this case concerns three major issues of fraud, perpetrated by the IRS in its official literature" as well as "the silence of the named IRS agents and the refusal to answer, when they had a moral or legal duty to speak." ¶ 6),

3

ECF No. 1, p. 8. Plaintiff alleges that "such silence can only be construed as fraud perpetrated by the individual agents." *Id.* Plaintiff alleges that he:

> files this Complaint, relying on the 'common law' and Constitution of the United States. Plaintiff seeks protection of his due process rights and redress for injuries from the Honorable Court under the rulings and protections of the 14th Amendment. Plaintiff is a citizen who has had His life and property injured without due process under 'color of law,' by the Internal Revenue Service.

¶ 8), ECF No. 1, p. 9.

Plaintiff alleges that he "has exercised the right to work and sustain His life and the lives of those dependent on Him by means of exchange pf His property (labor) for wages (property), as ruled by the United States Supreme Court." ¶ 9), ECF NO. 1, p. 10. Plaintiff asserts that "the IRS has officially, and on a regular basis, been engaging in three instances of fraud." ¶ 10), ECF No. 1, p. 13. Plaintiff alleges that "IRS agents . . . have defrauded Plaintiff and misapplied the law" and "by means of the fraud and misinformation conveyed by the IRS, IRS agents carried out wholly unlawful actions, including harassment, seizures, issuing notices of lien and levy, defamation of character, prosecution, and imprisonment of innocent people." *Id.*, ECF No. 1, p. 14.

Plaintiff alleges that he "does not dispute the taxing laws and does not claim that the taxing laws are 'unconstitutional.' Plaintiff can show that the taxing laws are fraudulently misapplied by the IRS in many instances." ¶ 12), ECF No. 1, p. 14-15. Plaintiff alleges, as his first instance of fraud, that:

> [t]he IRS in its official papers, documents, and mailings, claims that the 16th Amendment, to the U.S. Constitution, authorizes an 'income' tax on the Plaintiff's earnings, wages, compensation, and remuneration. This claim is fraudulent, misleading, and false. Such false claim is based on the wording of the 16th Amendment, but ignores the U.S. Supreme Court rulings, which define and clarify the meaning and intent of said Amendment.

4

¶ 14), ECF No. 1, p. 15.  Plaintiff cites numerous United States Supreme Court cases decided between the 1880s and 1920s, including: *Butcher's Union Co. v. Crescent City Co.*, 111 U.S. 746 (1884); *Pollock v. Farmer's Loan & Trust Co.*, 157 U.S. 429 (1895), *Flint v. Stone Tracy Co.*, 220 U. S. 107 (1911); *Stratton's Independence, Limited v. Howbert*, 231 U.S. 399 (1913); *Brushaber v. Union Pacific Railroad*, 240 U.S. 1 (1916); *Doyle v. Mitchell Bros. Co.*, 247 U.S. 179 (1918); *Southern Pacific Co. v. Lowe*, 247 U.S. 330 (1918); *Evans v. Gore*, 253 U.S. 245 (1920); *Truax v. Corrigan*, 257 U.S. 312 (1921) for the general proposition that Congress and the IRS have no authority to impose an income tax on Plaintiff's labor or the income from his labor, which is his own property.  Plaintiff alleges that imposition of the federal income tax violates the United States Constitution.

Plaintiff also alleges, as his second instance of fraud,  that "regulations promulgated by the Secretary of the Treasury do not, in themselves, create a legal obligation on the general public.  Such regulations could only have the force and effect of law on the general public if they authoritatively reference an Internal Revenue Code section or Statute At Large."  ¶ 23), ECF No. 1, p. 26.  "IRC section 6331, the section that authorizes collection by the IRS, does not have a corresponding regulation in Title 26 of the Code of Federal Regulations.  Without such regulation, the Internal Revenue Service has no authority to take collection actions under IRC 6331, as has been done to Plaintiff."  ¶ 24), ECF No. 1, p. 27.

>Plaintiff alleges, as a "3rd instance of fraud and equivalence of fraud," that:
>
>Defendant, Internal Revenue Service . . . acting through its agents, engaged in a fraud and extortion scheme against the Plaintiff.  IRS acted outside its lawful authority (ultra vires), and when Defendants were confronted with such unlawful actions, Defendants refused to respond to Plaintiffs, and

consequently created the equivalence if wrongoing and fraud. . . . Additionally, Defendants ignored the collection procedures of the Internal Revenue Manual . . . And thus violated the Plaintiff's administrative Due Process through deception, fraud, and silence. No assessments were made against the Plaintiff and IRS agents refused to provide any certificates of assessment to Plaintiff.

¶ 25, ECF No. 1, p. 27-28. Plaintiff alleges that "[t]he IRS, acting through its employees, used the anonymity of the agency to send threatening and harassing unsigned letters to Plaintiff, in an attempt to provide deniability for itself and its unlawful actions." ¶ 28, ECF No. 1, p. 29. "Silence by IRS agents in the face of allegations of fraud is the equivalance of consent." ¶ 29, ECF No. 1, p. 30.

Plaintiff alleges that:

Damages to Plaintiff were, generally speaking, but not necessarily limited to: a) pain, b) suffering, c) emotional distress, d) anxiety, e) seizure of property rights, f) illegal seizure of wages or property under 'color of law', g) encumbrance of property, h) public humiliation, I) public defamation of character, j) encumbrance on Plaintiff's freedom of movement, and k) loss of consortium.

¶ 31, ECF No. 1, p. 30-31.

Plaintiff's Complaint goes on to allege six "causes of action": *(1) "violation of Plaintiff's 4th Amendment rights,"* i.e. "the right to be secure in their persons, houses, papers, and effects." ¶ 33), ECF No. 1, p. 31. Plaintiff alleges that he "has been continuously harassed, and had His property taken, all under 'color of law', for violation of a law that does not exist. . . . The agents often pretended to have the authority of law to force Plaintiff to file a W-4 withholding agreement with their employers, when no such law exists." *Id.* "Defendants knowingly allowed the continuing illegal seizure of Plaintiff's property rights in violation of Plaintiff's unalienable Constitutional protections and rights under the 4th Amendment." ¶ 34), ECF No. 1, p. 31-32; *(2) "depr[i]vation of Plaintiff's 5th*

*and 14th Amendment Due Process,"* "by seizure of Plaintiff's property and property rights, lacking authority of law to do so." ¶ 38), ECF No. 1, p. 33. Plaintiff alleges that "Defendants violated the Due Process requirements of the 5th and 14th Amendments by refusing to answer the question of liability and other questions raised by Plaintiff" and by "continuing to make threatening statements and false allegations and allowing the continuing seizure of Plaintiff's property rights . . . after being fully informed by the Plaintiff as to 1) Plaintiff's underlying liability and 2) the unlawful procedures used in the filing of Notices of Federal Tax Lien on Plaintiff's property title and consequent encumbrance and seizures of property." ¶ 40), ECF No. 1, p. 34. Plaintiff alleges that "in some instance . . . [he] had His property taken without a court order or writ from a court." ¶ 42), ECF No. 1, p. 34. "Plaintiff, in some instances . . . had sums of social security illegally seized without a writ or warrant." ¶ 43), ECF No. 1, p. 36. Plaintiff alleges that "Defendants have no immunity," citing *Truax v. Corrigan*, 257 U.S. 312 (1921). ¶ 45), ECF No. 1, p. 37; *(3) "deprivation of Plaintiff's constitutional protections and protections under U.S. laws against illegal use of postal system."* Plaintiff alleges that he "was injured by the illegal use of the Constitutionally authorized Postal system." ¶ 48), ECF No. 1, p. 39. "Defendants attempted to commit extortion by the use of U.S. Postal service communications, which contained threatening, false, and fraudulent documents." "Defendants violated 18 USC 41 (Extortion and Threats), 18 USC 47 (Fraud and False Statement), and 18 USC 63 (Mail Fraud) and used the United States Postal Service to commit such acts." ¶ 50), ECF No. 1, p. 39; *(4) "defamation of character,"* based on the IRS's "placing Plaintiffs' names on the public record as being outside the law" ¶ 54), ECF No. 1, p. 41; *(5) "deprivation of right*

7

*to work and sustain life support,"* alleging that "Plaintiff had His rights to unhindered and unfettered employment taken from Him or seriously compromised by the use of fraud and deception." ¶ 58, ECF No. 1, p. 42. "The Constitution affords protections of our lives and property and rights. The IRS transgressed these protections." ¶ 59, ECF No. 1, p. 43; and *(6) "depr[i]vation of constitutional protections against a direct tax without apportionment,"* alleging once again that "the IRS claimed the authority to levy a direct tax on Plaintiff without 'apportionment' as being authorized by the 16th Amendment. This was in direct contradiction to U.S. Supreme Court rulings." ¶ 62), ECF No. 1, p. 45.

As relief, Plaintiff seeks "damages, punitive damages, plus expenses, costs, and fees that have been suffered by Plaintiff." ¶ 63), ECF No. 1, p. 46. Plaintiff also asks the Court to "order the immediate removal of all liens and levies placed on all Plaintiff's property by the IRS . . . order that the Internal Revenue Service immediately dismiss the offending IRS agents from employment without retirement or other benefits . . . order that all false documents be corrected." *Id.*

## DISCUSSION

As a threshold matter, "[i]t is axiomatic that the United States may not be sued without consent and that the existence of consent is a prerequisite to jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). In accordance with the doctrine of sovereign immunity, an action against the federal government can be maintained only where it has expressly consented to being sued. *See Welch v. United States*, 409 F.3d 646, 650-51 (4th Cir. 2005). When the United States

waives its sovereign immunity, the terms of its waiver define the extent of a court's jurisdiction and a court may not extend or narrow the waiver beyond that intended by Congress. *See United States v. Sherwood*, 312 U.S. 584, 586 (1941); *Smith v. United States*, 507 U.S. 197, 203 (1993). Secondly, a suit against a federal agency or a federal officer in his or her official capacity is equivalent to a claim against the United States. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, Plaintiff has named as Defendants, the Internal Revenue Service and three individual IRS agents. Plaintiff alleges that "damages are being sought from the Internal Revenue Service and from the individual IRS agents in this lawsuit." ¶ 3), ECF No. 1, p. 7. Plaintiff alleges that "this action is not necessarily classed as a 1983 action[2] and the Plaintiff is entitled to a jury trial under tort action for damages at common law." ¶ 4), *Id.* As noted above, Plaintiff alleges that he "files this Complaint, relying on the 'common law' and Constitution of the

---

[2] Federal officials cannot be sued under 42 U.S.C. § 1983 because federal officials do not act "under color of state law." *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim brought against a federal official for violation of a plaintiff's constitutional rights is analogous to a claim brought under 42 U.S.C. § 1983 against a state official in his or her personal capacity for violation of a plaintiff's constitutional rights while the defendant was acting under color of state law. Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988) (abrogated on other grounds by *Johnson v. Jones*, 515 U.S. 304 (1995), *see Winfield v. Bass*, 106 F.3d 525, 529 (4th Cir. 1997)). *Bivens* claims, like § 1983 claims, address violations of constitutional rights by "persons." Under *Bivens*, "[A] plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

United States."³  ECF No. 1, p. 9.  In addition to asserting a tort claim for fraud, Plaintiff also asserts a tort claim for defamation of character.⁴

The United States has expressly consented to a limited waiver of its sovereign immunity only for those tort claims which are brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  A suit under the FTCA lies only against the United States, and a federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees.  *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 599-600 (D.S.C. 2001), affirmed, 46 Fed. Appx. 212 (4th Cir. Sept. 24, 2002).  Thus, to the extent that Plaintiff asserts common law and constitutional tort claims in his Complaint against the IRS and the three individual IRS agents, it is clear on the face of the pleading that this Court lacks jurisdiction to hear such claims.  Plaintiff has not named the United States as a defendant, and Plaintiff has not shown that he has complied with the strict provisions of the FTCA requiring that an

---

³ Under South Carolina law, the elements of fraud are: a representation; its falsity; its materiality; knowledge of its falsity or a reckless disregard of its truth or falsity; intent that [*447] the representation be acted upon; hearer's ignorance of its falsity; hearer's reliance on its truth; hearer's right to rely; and hearer's consequent and proximate injury. *First State Sav. & Loan v. Phelps*, 299 S.C. 441, 446-47, 385 S.E.2d 821, 824 (1989) (citing *Florentine Corp., Inc. v. PEDA I, Inc.*, 287 S.C. 382, 339 S.E. (2d) 112 (1985)).  Fraud must be proven by clear, cogent and convincing evidence. *Id.* (citing *Anderson v. Citizens Bank*, 294 S.C. 387, 365 S.E. (2d) 26 (Ct. App. 1987)).

⁴ In South Carolina, to prove defamation, the plaintiff must show: (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *Fleming v. Rose*, 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002); *Holtzscheiter v. Thomson Newspapers, Inc.*, (*"Holtzscheiter II"*), 332 S.C. at 506, 506 S.E.2d at 508 (Toal, J., concurring).

administrative claim first be filed with the appropriate federal agency *before* commencement of a civil action in a district court. *See* 28 C.F.R. § 14.2; and the "SF-95."

Moreover, while the FTCA subjects the United States to liability for injury or loss of property "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," *see* 28 U.S.C. § 1346(b), there is excepted from the FTCA "any claim arising in respect of the assessment or collection of any tax." *See* 28 U.S.C. § 2680(c). The phrase, "collection or assessment of any tax" has been interpreted broadly by a majority of federal courts to bar any action for damages arising out of the Government's tax assessment and collection activities. *See Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995) (citing *Broadway Open Air Theatre v. United States*, 208 F.2d 257, 259 (4th Cir. 1953)). Thus, even if Plaintiff had named the United States as a defendant in this action, because Plaintiff's claims are entirely based on the alleged conduct of the IRS and its individual IRS agents in assessing and collecting tax from Plaintiff, any such claims cannot be maintained against the United States under the FTCA.

Plaintiff alleges that the IRS and the three IRS agents violated Plaintiff's rights under the Fourth, Fifth, Fourteenth,[5] and Sixteenth Amendments to the Constitution of the United States. Plaintiff's claims of such constitutional violations against the IRS and/or against

---

[5] The Fourteenth Amendment claim has no merit, since this Amendment applies only to states and those acting under the color of state authority. *See Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 408-13 (4th Cir. 2003); *District of Columbia v. Carter*, 409 U.S. 418, 424 (1973).

the United States are barred by the doctrine of sovereign immunity.[6]  *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (a *Bivens* action is unavailable against federal agencies); *Reinbold v. Evers*, 187 F.3d 348, 355 n.7 (4th Cir. 1999) ("While *Bivens* actions allow for recovery of money damages against federal officials who violate the United States Constitution in "their individual capacities, *Bivens* does not allow for recovery of money damages, or suits in general, against the government itself.").  As noted above, the FTCA provides absolute immunity from claims for monetary damages brought against any individual federal employee, in his or her official capacity, who was acting within the scope of his or her office or employment when the alleged constitutional tort was committed. *See, e.g. Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1152 (4th Cir. 1997).  In such situations the United States is substituted for the individual federal government employee as the defendant.  "Whether a particular federal employee was or was not acting within the scope of his employment is controlled by the law of the state in which the negligent or wrongful conduct occurred."  *Garcia v. United States*, 62 F.3d 126, 127 (5th Cir. 1995).

---

[6] Notwithstanding Plaintiff's allegation that the IRS is a private corporation and not entitled to immunity, the Court can take judicial notice that the IRS is an agency of the federal government, a bureau of the United States Department of the Treasury, which itself is an executive department of the United States of America.  *See Donaldson v. United States*, 400 U.S. 517, 534 (1971) ("the Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws"); *Young v. IRS*, 596 F. Supp. 141, 147 (N.D. Ind. 1984) (summary judgment in favor of the government granted, rejecting Young's claim that the IRS is a private corporation, rather than a government agency).

.

To the extent that Plaintiff's Complaint attempts to assert claims of constitutional violations, pursuant to *Bivens*, against the three IRS agents in their individual capacities, such claims cannot be maintained in this case. Congress has provided an exclusive remedy for the type of alleged tax-assessment and tax-collection related violations raised by Plaintiff, and the provision of this remedy precludes a *Bivens* suit against the three IRS agents in their individual capacities.

There is a specific statute, 28 U.S.C. § 1346(a)(1), through which Congress has provided for suit in the federal district courts against the United States in any action for recovery of any internal revenue tax that is claimed to have been illegally or erroneously assessed or collected. The United States Supreme Court has repeatedly emphasized that the existence of an alternative, adequate remedy may preclude the need for a constitutional remedy. A *Bivens* claim is defeated where there exists "comprehensive procedural and substantive provisions giving meaningful remedies against the United States." *Bush v. Lucas*, 462 U.S. 367, 368 (1983); *see also Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988); *Chappell v. Wallace*, 462 U.S. 296 (1983). Specifically, where internal revenue assessment and collection are at issue, the availability of a meaningful post-deprivation remedy is sufficient to satisfy the Fifth Amendment's Due Process Clause. *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco*, 496 U.S. 18, 51 (1990); *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746-48 (1974). Thus, no *Bivens* remedy against IRS agents Tipton, Hurst, and Hannah is available to Plaintiff, in light of the comprehensive remedial scheme set forth by the Internal Revenue Code. *See Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 408-13 (4th Cir. 2003). *See also McMillen v. U.S. Dep't of*

*Treasury*, 960 F.2d 187, 190-91 (1st Cir. 1991); *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152-53 (3d Cir. 2000); *Baddour, Inc. v. United States*, 802 F.2d 801, 807-09 (5th Cir. 1986); *Fishburn v. Brown*, 125 F.3d 979, 982-83 (6th Cir. 1997); *Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir. 1985); *Vennes v. An Unknown No. of Unidentified Agents of the U.S.*, 26 F.3d 1448, 1453-54 (8th Cir. 1994); *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1247-48 (10th Cir. 1989); and *Kim v. United States*, 632 F.3d 713, 717 (D.C. Cir. 2011). Plaintiff's Complaint fails to state a claim against the three individual IRS agents.

The Internal Revenue Code provides a damages remedy for unauthorized collection activities. *See* 26 U.S.C. § 7433. Under § 7433(e)(2), this provision for such a civil action "shall be the exclusive remedy for recovering damages resulting form such actions." According to § 7433(d)(1), a taxpayer must exhaust his administrative remedies before bringing a suit for damages in federal district court against the IRS. *See* 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted administrative remedies available to such plaintiff within the Internal Revenue Service."). A plaintiff's failure to comply with this administrative exhaustion prerequisite deprives the court of jurisdiction over the claim. *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992); *Hunt v. United States*, 178 F.Supp.2d 537, 538 (D. Md. 2002). In this case, Plaintiff's Complaint does not allege that he has followed the required procedures in exhausting his administrative remedies prior

to instituting this lawsuit.  Consequently, this Court does not have jurisdiction to entertain Plaintiff's claims for damages against the IRS.

To the extent that Plaintiff's Complaint seeks injunctive relief, such relief is barred under the Anti-Injunction Act, 26 U.S.C. § 7421, which provides in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  Section 7421 lists several exceptions to the bar it imposes, but none is applicable here, where Plaintiff has access a legal remedy, *i.e.* the option of paying the tax and then suing for a refund, and the option of bringing a suit for damages after exhausting his administrative remedies.  "The manifest purpose of [section] 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."  *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).  The Fourth Circuit has said that the effect of the Anti-Injunction Act is "simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes."  *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003).

Despite Plaintiff's assertion that he "does not dispute the taxing laws and does not claim that the taxing laws are 'unconstitutional,'" Plaintiff alleges that he "can show that the taxing laws are fraudulently misapplied by the IRS in many instances."  ¶ 12), ECF No. 1, p. 13-14.  However, Plaintiff's allegations concerning the IRS's illegal application of the provisions of the 16th Amendment to him, and the Defendants' misapplication of laws and regulations to him in violation of the 4th Amendment, appear to be based on common "tax

protester" arguments, which are without merit. Arguments asserting that the imposition of the federal income tax is illegal because the Sixteenth Amendment to the United States Constitution was never properly ratified, or that the Amendment provides no power to tax income, have been rejected in every court case where they have been raised and have been characterized as legally frivolous.[7] Such meritless arguments include claims, analogous to Plaintiff's allegations in this case, that "income" as used in the Sixteenth Amendment cannot be interpreted as applying to wages, that wages are not income because labor is exchanged for them, and that taxing wages violates individuals' right to property. *See, e.g., Reese v. United States*, 24 F.3d 228, 231 (Fed. Cir. 1994) (stating that "an abiding principle of federal tax law is that, absent an enumerated exception, gross income means all income from whatever source derived.").

Plaintiff also alleges that "regulations promulgated by the Secretary of the Treasury do not, in themselves, create a legal obligation on the general public. Such regulations could only have the force and effect of law on the general public if they authoritatively reference an Internal Revenue Code section or Statute At Large." ¶ 23), ECF No. 1, p. 26. "IRC section 6331, the section that authorizes collection by the IRS, does not have a corresponding regulation in Title 26 of the Code of Federal Regulations. Without such regulation, the Internal Revenue Service has no authority to take collection actions under IRC 6331, as has been done to Plaintiff." ¶ 24), ECF No. 1, p. 27.

---

[7] *See, e.g., United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) (relying on *Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 12-19 (1916)), cert. denied, 500 U.S. 950 (1991) (in which the court found defendant's argument that the Sixteenth Amendment does not authorize a direct, non-apportioned tax on United States citizens to be "devoid of any arguable basis in law.").

Section 6331(a) provides:

> [i]f any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ... by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a). Section 6331(b) provides that the term "levy" includes the power of distraint and seizure by any means. In any case in which the Secretary may levy upon property or property rights, he may also seize and sell such property or property rights. Section 7701(a)(11)(B) defines "Secretary" to include the Secretary of the Treasury or his delegate. Section 7701(a)(12)(A)(i) defines the term "delegate," as used with respect to the Secretary of the Treasury, to mean any officer, employee, or agency of the Treasury Department duly authorized by the Secretary directly, or indirectly by redelegation of authority, to perform a certain function. Treasury Order 150-10 delegates to the Commissioner the Secretary's authority to enforce and administer the internal revenue laws. *See also* Treas. Reg. § 301.6331-1(a)(1) (district director is authorized to levy); *see, e.g.*, Delegation Order 5-3 (formerly D.O. 191 Rev. 3) (redelegation of authority with respect to levies to revenue officers and other IRS employees).

Consequently, this assertion of Plaintiff is also without merit. *See Gibbs v. Commissioner*, 673 F. Supp. 1088, 1092 (N.D. Ala. 1987), aff'd, 846 F.2d 754 (11th Cir. 1988) (revenue officers "are specifically delegated and charged with the responsibility for collection of taxes "); *Peddie v. United States*, IRS, 1997 U.S. Dist. LEXIS 19450 at *6-7; 80 A.F.T.R.2d (RIA) 8234 (M.D.N.C. 1997) (whether claiming procedural or substantive violations, pre-judicial administrative federal tax levies do not violate the requirements of

due process where a meaningful post-deprivation remedy is available.); *see also United States v. Foster*, 1997 U.S. Dist. LEXIS 17162 at *32 (D.MN. 1997); *United States v. Washington*, 947 F. Supp. 87, 91 (S.D.N.Y. 1996).

## RECOMMENDATION

Accordingly, the Court recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

s/Jacquelyn D. Austin
United States Magistrate Judge

April 2, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).